IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                                       **CRIMINAL ACTION NO. 2:10CR160-P-S**

**DERICK PATRICK,**                                                           **DEFENDANT.**

**ORDER**

This matter comes before the court upon Defendant Derick Patrick's motion to dismiss [129] Counts 1, 21 and 25 regarding Derick Patrick in the Second Superseding Indictment. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

Count 1 of the Second Superseding Indictment alleges that:

> Commencing on a date unknown to the grand jury, but no later than on or about January of 2009, and continuing until at least November 17, 2010, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, the defendants [including Derick Patrick, along with many other defendants], and others, did knowingly and willfully conspire to distribute an possess with intent to distribute a Schedule II controlled substance, *to wit*: 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

Counts 21 and 25 allege that Derick Patrick, on or about October 9, 2010 and October 10, 2010, respectively, "did knowingly and intentionally use a communication facility to facilitate the commission of a felony under Title 21, United States Code, Section 841, that is, he did use the telephone to facilitate the distribution of" powder cocaine.

In the instant motion, which is less than one full page of text and no citations to authorities, the defendant argues that Counts 1, 21, and 25 should be dismissed as to him because the Second Superseding Indictment "does not sufficiently put the Defendant on notice who was in the

1

conspiracy or what actions he did to make him a participant in an alleged conspiracy. The same is true with respect to the alleged telephone calls."

"Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *U.S. v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011) (citing *U.S. v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003)). Nevertheless, "[n]o prescribed set of words are required – the indictment simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Franco*, 632 F.3d at 884 (citing *U.S. v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008)).

The conspiracy count clearly alleges each element of the crime of conspiracy since, per 18 U.S.C. §371, two or more persons, including Derick Patrick, are accused of conspiring to commit an offense against the United States. No overt act is required to be proven in a drug conspiracy case. *U.S. v. Sylvester*, 583 F.3d 285, 295 (5th Cir. 2009).

Counts 21 and 25 clearly allege each element enunciated in 21 U.S.C. §843(b) and closely tracks the language of that statute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Derick Patrick's motion to dismiss [129] is **DENIED**.

**SO ORDERED** this the 8th day of July, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE